FILED 10 AUG 16 07:57 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA J. THOMPSON,                          Civil No. 09-6124-AA

          Plaintiff,                          OPINION AND ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.
_____

AIKEN, Chief Judge:

     Plaintiff brings this action pursuant to the Social Security

Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review

of the Commissioner's decision denying her application for

supplemental security income benefits under the Act.  Upon review

of the record and the parties' submissions, the decision of the

Commissioner is reversed and remanded for further proceedings.

                          DISCUSSION

     Plaintiff argues that the ALJ erred in the following respects:

1) failing to provide clear and convincing reasons to reject the

1 - OPINION AND ORDER

physical limitation assessment of Dr. Micek, a treating physician; 2) failing to give clear and convincing reasons to reject plaintiff's subjective complaints; 3) failing to consider or assess plaintiff's mental impairments; and 4) relying solely on the Medical-Vocational Guidelines in finding plaintiff not disabled. Plaintiff contends that the Commissioner failed to meet his burden of proving that she can perform other work.

I find no error in the ALJ's finding that many of plaintiff's subjective complaints - including dizziness, numbness, loss of balance, and various aches and pains - are not supported by or are inconsistent with medical findings, and that the frequency and changing nature of her complaints detract from her credibility. Tr. 20, 130, 132, 148, 153, 169-72, 183, 189, 191, 287, 303-05, 313-15, 328-29, 350-51; see Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may look to medical record for inconsistencies in evaluating a claimant's testimony).

Similarly, I find no error with the ALJ's consideration of Dr. Micek's physical limitation assessment, given that it apparently was based on plaintiff's responses to questions posed by Dr. Micek and does not reference clinical findings or observations. Tr. 323, 391-92; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Morgan, 169 F.3d at

602 ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted.") (internal quotation marks and citation omitted).    Although plaintiff disagrees with the ALJ's interpretation of the medical record, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004).

That said, I agree that the ALJ's assessment of plaintiff's ability to perform other work is not supported by substantial evidence in the record.    In finding plaintiff able to perform other work, the ALJ relied on the Medical-Vocational Guidelines (the grids), which correlate a claimant's age, education, previous work experience, and residual functional capacity to direct a finding of either disabled or not disabled.    Tr. 21; see 20 C.F.R. Part 404, Subpt. P, App. 2.    Although an ALJ may rely on the grids if a claimant suffers from exertional impairments, if a claimant has both exertional and nonexertional impairments, the grids merely serve as a framework and further evidence and testimony is required.    Id. §§ 200.00(a),(e)(2); see also Thomas, 278 F.3d at 960; Cooper v. Sullivan, 880 F.2d 1152, 1155-56 (9th Cir. 1989). Importantly, "where application of the grids directs a finding of disability, that finding must be accepted by the [Commissioner].

That is so whether the impairment is exertional or results from a combination of exertional and nonexertional limitations." Cooper, 880 F.2d at 1157.

Relying on the "record as a whole," the ALJ found that plaintiff retained the ability to perform medium work and could sit and/or stand for six hours in an eight-our work day.   Tr. 19. Medium work requires the ability to lift and carry fifty pounds occasionally and twenty-five pounds frequently.   20 C.F.R. § 416.967©.   Given plaintiff's advanced age, high school education, and lack of transferrable skills, the ALJ's finding that plaintiff can perform medium work renders plaintiff "not disabled" under the grids.   20 C.F.R. Part 404, Subpt. P, App. 2, § 203.14.   The ALJ ended the inquiry there, finding that plaintiff does not suffer from non-exertional impairments which limit the range of work she can perform.   Tr. 21.   The ALJ's finding that plaintiff retains the residual functional capacity to perform medium work is critical to his disability decision; if plaintiff's impairments limit her to light work, she likely is presumptively disabled under the grids. 20 C.F.R. Part 404, Subpt. P, App. 2, §§ 202.00(c), 202.04. Therefore, the ALJ must cite to substantial evidence in the record to support his exertional capacity finding and meet the Commissioner's burden of proving that plaintiff can perform other work in the economy.

However, as noted by the ALJ, agency non-examining physicians

recommended denial of plaintiff's application based on their assessment that no medically determinable impairment had been diagnosed; they rendered no opinion or conclusion as to plaintiff's exertional capabilities. Tr. 20, 254-56. Further, the ALJ cited no medical evidence of record or examples of plaintiff's daily activities to support the finding that she can perform medium work. Tr. 20. While the record may not support the severity of plaintiff's complaints or Dr. Micek's physical limitations assessment, the record reflects that plaintiff has a medically determinable impairment of cervical degenerative disc disease that could affect her ability to lift, carry, sit, and stand. Tr. 180, 196, 298, 352, 384. Absent citation to specific evidence in the record supporting the ability to perform medium, the ALJ's disability determination cannot be upheld.

Accordingly, I find that outstanding issues must be resolved before a determination of disability can be made. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The case is remanded for further proceedings to determine plaintiff's exertional limitations, as well as non-exertional limitations n light of Dr. Eckstein's post-hearing report, and to further develop the record as necessary. Tr. 354-64, 386-87.

<u>CONCLUSION</u>

The ALJ's conclusion that plaintiff is not disabled under the Act is not supported by substantial evidence in the record.

Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 11th day of August, 2010.

Ann Aiken
United States District Judge

6 - OPINION AND ORDER